UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,         )<br>                                                           )<br>                          Plaintiff,      )<br>                                                           )<br>           v.                                            )<br>                                                           )<br>WILLIAM EDWARD ACKRON, Jr.  )<br>                                                           )<br>                          Defendant.   )<br>_____) | Case No. CR08-35JLR<br><br>PROPOSED FINDINGS OF FACT<br>AND DETERMINATION AS TO<br>ALLEGED VIOLATIONS OF<br>SUPERVISED RELEASE |

## INTRODUCTION

I conducted a hearing on alleged violations of supervised release in this case on July 3, 2008. The defendant appeared pursuant to an arrest warrant issued on June 18, 2008. The United States was represented by Brian Werner, and Defendant was represented by Lynn Hartfield. Also present was U.S. Probation Officer Steven McNickle. The proceedings were digitally recorded.

## CONVICTION AND SENTENCE

Defendant was sentenced in the Eastern District of Washington on September 24, 2007, by the Honorable John L. Weinberg, for Theft of Government Property and Cutting, Removing or Destroying Timber. He received 30 days of imprisonment and one year of supervised release. On February 19, 2008, jurisdiction was transferred from the Eastern District of Washington to the Western District of Washington.

PROPOSED FINDINGS OF FACT AND
DETERMINATION AS TO VIOLATIONS OF
SUPERVISED RELEASE -1

## PRIOR VIOLATION

On May 1, 2008, the probation department submitted a request for modification based on Mr. Ackron's admission he smoked marijuana, and a positive urine sample for that drug.  Based on this violation, Mr. Ackron agreed his supervision should be modified to include participation in the electronic home confinement program for an additional 30 days.

## PRESENTLY ALLEGED VIOLATION AND
## DEFENDANT'S ADMISSION OF THE  VIOLATION

In a petition dated June 12, 2008, Supervising U.S. Probation Officer Angela M. McGlynn alleged that defendant violated the following conditions of supervised release:

Failing to comply with the home confinement program since June 10, 2008, in a violation of the special condition requiring the defendant to participate in the home confinement program with electronic monitoring as directed by the probation officer for a total period of 90 days.

At the hearing on July 3, 2008, defendant admitted the above violation, waived any hearing as to whether it occurred, and was informed the matter would be set for a disposition hearing before Judge Robert.

## RECOMMENDED FINDINGS AND CONCLUSIONS

Based upon the foregoing, I recommend the court find that defendant has violated the condition of his supervised release as alleged above, and conduct a disposition hearing.  At the request of the parties and probation department, the defendant was released subject to all previously imposed conditions of supervised release.

DATED this 3rd day of July, 2008.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

PROPOSED FINDINGS OF FACT AND
DETERMINATION AS TO VIOLATIONS OF
SUPERVISED RELEASE -2